Sharon McCally, Justice,
dissenting:
The majority denies the motion of appellant Clinton Bowers for an extension of time to file, a corrected brief — his first. The majbrity then dismisses Clinton Bowers’s appeal for want of prosecution. I disagree that this appeal should be dismissed for want of prosecution. Because the majority does so, I respectfully dissent.
Clinton Bowers, proceeding pro se, .timely filed his appellant’s brief on May 19, 2015. On September 1, 2015, this Court ordered Clinton Bowers to rébrief within thirty days because his brief failed to' substantially comply with Rule 38 of the Texas Rules of Appellate Procedure. Prior to the expiration of that time period, Clinton Bowers filed the instant motion for extension of time to file that corrected brief Barbara Bowers did not respond to the motion. Barbara Bowers has not moved to dismiss the appeal.
I agree that Clinton Bowers’s motion for extension of time to rebrief his appeal is technically defective for its failure to state either the reason for the extension or the length of extension sought. However, I do not agree that the lack of specificity in Clinton Bowers’s motion is sufficiently severe to dismiss his appeal for want of prosecution — effectively, a death penalty sanction.
Clinton Bowers has demonstrated his intent to prosecute this case. Clinton Bowers articulated twenty-one issues on appeal of the trial court’s property division order in his original brief — albeit without citation to the record or the law. Clinton Bowers secured a clerk’s record and at least a partial reporter’s record from several days of testimony. Clinton Bowers did not ignore this Court’s order to rebrief. Clinton Bowers did not file an additional noncompliant brief. Clinton Bowers simply asked for more time.
Instead of dismissing this cause for want of prosecution; I would order Clinton Bowers to file the corrected, compliant brief by a date certain. Because -the majority does not, I respectfully dissent.